IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL PAUL EAGAR,<br><br>      Plaintiff,<br><br>v.<br><br>ALAN GARDNER, et. al.,<br><br>      Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 4:18-cv-12<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

**INTRODUCTION**

This case is currently before Magistrate Judge Dustin Pead pursuant to a 28 U.S.C. §636(b)(1)(B) referral from District Judge David Nuffer. (ECF No. 3.) Michael Paul Eagar ("Plaintiff") brings this action against Alan Gardner, James Eardley, Dennis Drake, James Crips, Brian Tritle, Jimmie Tyree (collectively the "County Defendants"), and the Bureau of Land Management and Ryan Zinke (collectively the " BLM Defendants") raising claims of a regulatory taking or a trespass of Plaintiff's mining claims. (Complaint, ("Compl.")ECF No. 1.)

Presently before the court are the following motions: County Defendants' Motions to Dismiss (ECF No. 12), County Defendants' Motion to Strike Objection or Motion for Leave to Respond (ECF No. 17), County Defendants' Motion to Strike Addendum (ECF No. 19), Plaintiff's Motion for Contempt (ECF No. 21), BLM Defendants' Motion for Summary Judgment (ECF No. 21), Plaintiff's Motion for Summary Judgment (ECF No. 24), and Plaintiff's Motion for Entry of Default (ECF No. 31). The matters have been fully briefed. The court has carefully reviewed the moving papers submitted by the parties. Pursuant to civil rule 7-1(f) of the

1

Rules of Practice for the United States District Court for the District of Utah, the court concludes that oral argument is not necessary and will determine the motions on the basis of the written papers. *See* DUCivR 7-1(f).

**BACKGROUND**

By 1990 the federal government had identified the desert tortoise as a threatened species under the Endangered Species Act. *See U.S. Fish & Wildlife Services Revised Recovery Plan for the Mohave Population of the Desert Tortoise,* dx.doi.org/10.3996/022015-JFWM-013.S7. In order to protect the species, a recovery plan was published in 1994 that included designating land in Utah as a critical habit for the desert tortoise. *Id.* at 1, 13. In approximately 1996, Washington County and the State of Utah, in coordination with the Bureau of Land Management, created the approximately 62,000-acre Red Cliffs Desert Reserve ("Reserve"), in part, to protect the desert tortoise and its habitat. *Id.* at 28. In 2009, as part of the Omnibus Public Land Management Act, the Red Cliffs National Conservation Area ("Conservation Area") was created. It consists of 45,000 acres and is part of the Red Cliffs Desert Reserve. *See Omnibus Public Land Management Act of 2009*, Pub. L. No. 111-11, § 1974, 123 STAT. 991, 1081-83 (2009), available at http://www.gpo.gov/fdsys/pkg/PLAW-111publ11/pdf/PLAW-111publ11.pdf.

Plaintiff does not contest that the Reserve has been in existence for over 21 years. Compl. at 6. According to Plaintiff, however, his family has owned ten mining claims for more than 66 years that are located in the Reserve. *Id.* Plaintiff contends the Reserve and Conservation Area amount to a regulatory taking or a trespass. *Id.* at 6-7. According to Plaintiff, the County Defendants and BLM Defendants have violated CFR Regulation of BLM

2

Land 43, Section 1714.[1]  *Id.*  Therefore, Plaintiff requests $50,000,000.00 in compensation. *Id.* at 8.

## PENDING MOTIONS

A. County Defendants' Motions to Dismiss

The County Defendants move to dismiss Plaintiff's action arguing that his claims are time barred by the operative statutes of limitations.  (*See generally* ECF No. 12.)  In response, Plaintiff asserts his claims are not time-barred because (1) he did not know that he could seek redress until recently, (2) the County Defendants engaged in fraud, and (3) he continues suffer harm each day there is a restriction on his mining claims.  (ECF No. 13 at 4, 5.)  However, Plaintiff's efforts to toll the statute of limitations fall short.

"At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of limitations defense only if it appears beyond a doubt that Plaintiff [ ] can prove no set of facts that toll the statute." *Matthews v. Wiley,* No. 09–cv–00978–PAB–CBS, 2010 WL 3703357, at *5 (D. Colo. Sep. 13, 2010) (citing *Tello v. Dean Witter Reynolds, Inc.,* 410 F.3d 1275, 1288 n. 13 (11th Cir. 2005)); *see also Bullington v. United Air Lines, Inc.,* 186 F.3d 1301, 1310 n. 3 (10th Cir. 1999) (noting "that Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period).  State law claims asserted in federal court are governed by the applicable state statutes of limitations. *See Walker v. Armco Steel Corp.,* 446 U.S. 740, 751–52 (1980).  Furthermore, "[m]ere ignorance of the existence of a cause of action will neither prevent the running of the statute of limitations nor excuse a plaintiff's failure to file a claim within the relevant statutory

---

[1] The court is unable to locate within the Code of Federal Regulation the section Plaintiff references in his complaint.  It appears Plaintiff intended to cite 43 U.S.C.A. § 1714.

period." *Donner v. Nicklaus,* 197 F. Supp. 3d 1312, 1325 (D. Utah July 15, 2016) (citing *Russell Packard Dev. v. Carson,* 2005 UT 14, ¶ 20 (2005)).

      i.      Regulatory taking cause of action.

Plaintiff alleges his mining claims were "illegally destroyed" when the County Defendants, in 1996, allowed them to be included in the Reserve. Compl. at 1-2. A regulatory taking transpires when a significant restriction is placed on an owner's use of his property, which requires compensation to the owner. *See Tolman v. Logan City,* 167 P.3d 489, 492 (Utah Ct. App. 2007) (citing *View Condo. Owners Ass'n v. MSICO L.L.C.,* 2005 UT 91, ¶ 31, 127 P.3d 697 (2005)). In Utah, the time to bring a takings claim is four years. *See Tolman* at 492 (stating "[t]he catch-all four-year statute of limitations contained in Utah Code section [78B-2-307(3)] applies to actions not governed by other statute of limitations" and "[t]his four-year statute of limitations has been specifically applied to a takings claim citing to *Johnson v. Utah–Idaho Cent. Ry. Co.,* 68 Utah 309, 249 P. 1036, 1041 (1926)).

Plaintiff concedes the Reserve was created over 20 years ago and at that time his mining claims were destroyed. Plaintiff also asserts that "[o]ver a 21 year period that the Reserve has been in existence, [he] has continually petitioned the [County Defendants] and [BLM Defendants] to" withdraw his mining claims from the Reserve and Conservation area, pay him a reasonable amount, or facilitate a trade or exchange of equal value. Compl. at 6. Despite this, Plaintiff waited for more than 20 years to file this action. Plaintiff claims he was unaware of his opportunity to seek redress until he attended a seminar approximately three years ago. (*See generally* Plaintiff's Objection to Motion to Dismiss ("Objection"), ECF No. 16.) Without challenging Plaintiff's credibility, his ignorance of the existence of a cause of action does not toll the statute of limitations. *See Donner* at 1325. Therefore, Plaintiff had to bring his regulatory

4

takings claim by approximately 2000. This did not occur, and Plaintiff's regulatory takings claim should be dismissed as time barred.

Separately, in his papers, Plaintiff complains of fraud by County Defendants. Objection at 4. Under Utah state law, the limitations period does not accrue until discovery, by the aggrieved party, of the facts constituting fraud. *See* Utah Code §78B-2-305(3). "This rule tests for diligence both in investigation and in bringing a cause of action, because '[a] plaintiff is deemed to have discovered his action when he has actual knowledge of the fraud, or by reasonable diligence and inquiry should know, the relevant facts of the fraud perpetrated against him.'" *Donner* at 1325 (citing *Colosimo v. Roman Catholic Bishop*, 156 P.3d 806, 811 (2007)).

Here, Plaintiff asserts "[t]here is no Statute of Limitations on Government Officials and offers who commit fraud while they are in office." Objection at 4. Merely mentioning the word fraud in a brief is insufficient to establish a claim of fraud or fraudulent concealment. Plaintiff fails to offer any facts supporting his allegation. Thus, insufficiently established claims, in this case of fraud, fail as a matter of law and will not operate to toll a limitations period. *See Donner* at 1325.

Plaintiff additionally complains of an ongoing harm he suffers each day a restriction is placed on his mining claims. Objection at 2. It appears that Plaintiff attempts to employ the continuing violation doctrine as a means of tolling the applicable statute of limitations periods. The continuing violation doctrine "is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated." *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1184 (10th Cir.2003) (internal quotation marks omitted). The doctrine does not toll the limitations period "if the plaintiff knew,

or through the exercise of reasonable diligence would have known of its injury." *Davidson* at 1184 (internal quotation marks omitted).

      Indeed, Plaintiff was aware of the harm to his mining claims at the time the Reserve was created. Plaintiff confirms that "[o]ver a 21 year period [] the Reserve has been in existence, [he] has continually petitioned the [County Defendants] and [BLM Defendants] to" withdraw his mining claims from the Reserve and Conservation area, pay him a reasonable amount, or facilitate a trade or exchange of equal value. Compl. at 6. Plaintiff would not have been petitioning the County Defendants or BLM Defendants for redress for over 21 years if he was unaware of any harm to his mining operations. Separately, Plaintiff does little to identify other acts beside the creation of the Reserve and the Conservation Area as the basis for his claims. As a result, it is clear Plaintiff was aware of injury to his mining claims back in 1996, and again in 2009, and should have filed his action years earlier. For the reasons cited above, the continuing violation doctrine should not toll the limitations period.

      ii.      Trespass cause of action.

      Next, Plaintiff alleges that the formation of the Reserve and Conservation Area resulted in an illegal trespass. Compl. at 7. Under Utah state law, the statute of limitations applicable to a claim of trespass is three years. Utah Code §78B-2-305(1). Furthermore, "a statute of limitations begins to run upon the happening of the last event necessary to complete the cause of action." *Colosimo* at 810.

      Plaintiff concedes the damage to his land occurred over 21 years ago when the Reserve was created and again at the time the Conservation Area was created in 2009. Therefore, the limitations period began to run in 1996 at the time the Reserve was created and again in 2009 at the time the Conservation Area was formed. Consequently, Plaintiff needed to file his trespass

claim well in advance of 2018. He did not do this and instead waited more than 20 years to file this action. Further, as discussed, Plaintiff's claim of ignorance as to the existence of a cause of action does not excuse his failure to file a claim within the statutory period. As a result, Plaintiff's claim for trespass fails and County Defendants' Motion should be granted.

    B.   Plaintiff's Motion for Summary Judgment and BLM Defendants' Motion for Summary Judgment.

Plaintiff filed a Motion for Summary Judgment requesting the court enter default judgment against BLM Defendants for failing to answer or otherwise respond. (Plaintiff's Motion for Summary Judgment ("Plaintiff's MSJ"), ECF No. 24.) In response, BLM Defendants contend (1) Plaintiff did not properly serve the BLM Defendants, and (2) the court lacks subject-matter jurisdiction over Plaintiff's claims as they relate to the BLM Defendants.

    i.   Service of Process on the United States.

To effectuate service of process on the United States, a plaintiff must either deliver a copy of the summons and complaint to the United States Attorney, any Assistant United States Attorney, or a designated clerical employee at the United States Attorney's office, or (2) send a copy of the summons and complaint via certified mail to the civil-process clerk at the United States Attorney's Office. *See* Fed. R. Civ. P. 4(i)(1)(A). Additionally, a plaintiff must serve the summons and complaint upon the Attorney General of the United States using either registered or certified mail. *See* Fed. R. Civ. P. 4(i)(1)(B).

Plaintiff submits an affidavit of service confirming the summons and complaint were served on the Department of the Interior. (ECF No. 24-1.) He has not, however, provided any evidence that service of the summons and complaint was effectuated consistent with the requirements of Fed. R. Civ. P. 4(i)(1)(A) and (B). Therefore, Plaintiff's MSJ should be denied.

    ii.   Subject-Matter Jurisdiction.

In turn, assuming that Plaintiff had properly effectuated service as required under Rule 4, the court does not have subject-matter jurisdiction over Plaintiff's causes of action. Plaintiff contends the BLM Defendants destroyed his mining claims and took his land without just compensation. Compl. at 6. Plaintiff requests $50,000,000.00 in compensation. *Id.* Taking claims in excess of $10,000.00 may only be brought in the Federal Court of Claims. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1). Accordingly, it would be futile to allow Plaintiff additional time to effectuate service because this court does not have authority to preside over such claims. As a result, BLM Defendants' Motion for Summary Judgment should be granted and Plaintiff's causes of action against these defendants should be dismissed with prejudice.

    C. County Defendants' Motion to Strike Addendum

Plaintiff attempts to amend his complaint by filing an addendum instead of properly seeking leave to amend or obtaining the defendants' consent consistent with Fed. R. Civ. P. 15. (ECF No. 15.) Plaintiff's addendum includes vague references to fraud, collusion and theft by deception by the County Defendants and BLM Defendants. A court shall construe a pro se litigant's pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Considering Plaintiff is pro se and holding his pleading to a less stringent standard, the court treats Plaintiff's Addendum as a Motion for Leave to Amend to include claims of fraud and collusion.

A "broad reading of [P]laintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim [can] be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (*quoting Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Also, it is an improper function of the court to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."

*Whitney v. New Mexico,* 113 F.3d 1170, 1173-34 (10th Cir. 1997), and the court may not act as counsel by assuming "the role of advocate for Plaintiff or any other pro se litigant." *Shoemaker v. Dawson*, 2012 U.S Dist. LEXIS 85591 *5 (D. Utah 2012) (*citing Hall,* 935 F.2d at 1110 (10th Cir. 1991).

Therefore, under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading with the court's leave.  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires." *Id*.  The Tenth Circuit has called this a "liberal" standard that "reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).  Nevertheless, a district court may deny a motion to amend for reasons such futility of the amendment. *See Forman v. Davis,* 371 U.S. 178, 182 (1962).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason...." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citations omitted).  "The futility question is the functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim…." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

There are a myriad of issues with Plaintiff's amended complaint that warrant its dismissal considering it would be improper for the court to relieve Plaintiff of his burden of alleging sufficient facts on which a recognized legal claim is based.  First, Plaintiff does not provide sufficient factual matter, even accepted as true, to state a claim for fraud.  A claim of fraud must be pleaded with particularity consistent with the requirements of Fed. R. Civ. P. 9 (b).  The requirement of pleading with particularity (1) protects defendants' reputations from the harm attendant to accusations of fraud and (2) puts them on notice of the allegedly fraudulent conduct so that they can formulate a defense. *See United States ex rel. Harrison v. Westinghouse*

*Savannah River Co.,* 352 F.3d 908, 921 (4th Cir. 2003).  Additionally, the heightened pleading standard is also designed to prevent plaintiffs from tagging on specious fraud claims to their pleadings in an attempt "to induce advantageous settlements or for other ulterior purposes." *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir.1992).

Plaintiff states "[a]fter discovery from the Government and Washington County files, which documents were written and signed by the three Washington County Commissioners and the Bureau of Land Management Administrators, it is clear and will be proven in court that these defendants committed fraud and collusion."  (ECF No. 15 at 1.)   The foregoing conclusory statement is woefully insufficient to comply with the requirements of Rule 9.  "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." *United States ex rel. Schwartz v. Coastal Healthcare Grp., Inc.,* 232 F.3d 902, *3 (10th Cir. 2000) (unpublished table decision).  Plaintiff has failed to include the who, what, when, where and how of the fraud.   Additionally, it appears Plaintiff is tagging on a specious fraud claims to avoid operation of the controlling limitation periods.  As a result, Plaintiff should not be granted leave to amend his complaint.

Second, even if Plaintiff had complied with the Rule 9 pleading requirements, his fraud claim would be time barred.  The statute of limitations in Utah for fraud is three years.  *See* Utah Code §78B-2-305(3).  As cited to above, Plaintiff can prove no set of facts that toll the limitations period.  Therefore, Plaintiff's proposed amendment to include fraud is futile.

Third, Plaintiff's claims of collusion and theft by deception face similar hurdles. Plaintiff's remaining proposed claims are untethered to specific code sections that confirm such claims are available to a private citizen as a cause of action in a civil dispute.  For instance, theft by deception is a criminal violation and unavailable as a civil cause of action.  *See* Utah Code

§76-6-405. Consequently, Plaintiff's use of buzz words is insufficient to establish viable claims. Even supposing such causes of action were available in a civil suit and Plaintiff had sufficient pleaded facts to support such causes of action, it is likely these claims would be time barred. Utah Code §78B-2-307(3) provides a limitation period of four years for actions without specific limitations periods. In turn, Plaintiff's proposed additional claims are futile and therefore amendment should not be permitted.

## ORDER

Accordingly, the court RECOMMENDS as follows:

1. County Defendants' Motion to Dismiss should be GRANTED (ECF No. 12) and this action dismissed with prejudice;

2. Country Defendants' Motion to Strike Objection or Motion for Leave should be rendered MOOT (ECF No. 17);

3. Country Defendants' Motion to Strike Addendum to the Complaint should be GRANTED (ECF No. 19);

4. Plaintiff's Motion for Contempt should be rendered MOOT (ECF No. 21);

5. BLM Defendants Motion for Summary Judgement should be GRANTED (ECF No. 22) and this action dismissed with prejudice;

6. Plaintiff's Motion for Summary Judgment should be DENIED (ECF No. 24); and

7. Plaintiff's Motion for Default should be rendered MOOT (ECF No. 31).

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 8th day of January, 2019.

                    BY THE COURT:

                    _____
                    Dustin B. Pead
                    United States Magistrate Judge