IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL PAUL EAGAR,<br><br>        Plaintiff,<br><br>v.<br><br>ALAN GARDNER, Washington County Commission; JAMES EARDLEY, Washington County Commission; DENNIS DRAKE Washington County Commission; JAMES CRISP, Bureau of Land Management; BRIAN TRITTLE, Bureau of Land Management; JIMMEE TYREE, Bureau of Land Management; UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER**<br>• **DISMISSING CLAIMS AGAINST JAMES CRISP, BRIAN TRITTLE, JIMMEE TYREE, AND THE UNITED STATES DEPARTMENT OF THE INTERIOR FOR LACK OF SUBJECT MATTER JURISDICTION; AND**<br>• **ADOPTING IN PART AND MODIFYING IN PART [34] REPORT AND RECOMMENDATION**<br><br>Case No. 4:18-cv-12<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

The Report and Recommendation[1] issued by United States Magistrate Judge Dustin B. Pead on January 8, 2019 recommends that:

1. The County Defendants' Motion to Dismiss[2] be GRANTED and the action dismissed with prejudice;[3]

---

[1] Report and Recommendation, docket no. 34, filed January 8, 2019.

[2] County Defendants' Motion to Dismiss, docket no. 12, filed May 17, 2018.

[3] Report and Recommendation at 11.

2. The County Defendants' Motion to Strike Objection or Motion for Leave[4] be rendered MOOT;[5]

3. The Country Defendants' Motion to Strike Addendum to the Complaint[6] be GRANTED;[7]

4. Plaintiff's Motion for Contempt[8] be rendered MOOT;[9] and

5. Plaintiff's Motion for Entry of Default as to County Defendants[10] be DENIED.[11]

The Report and Recommendation also recommends[12] courses of action as to Plaintiffs' motions against Defendants Bureau of Land Management, James Crisp, Brian Tritle, Jimmie Tyree, and Ryan Zinke (the "Federal Government Defendants").[13] However, as will be detailed below, due to a lack of subject matter jurisdiction over the claims against the Federal Government Defendants, these claims must be dismissed without prejudice and the merits of those motions cannot be addressed

---

[4] County Defendants' Motion to Strike Plaintiff's "Second Objection" or for Leave to Respond, docket no. 17, filed July 3, 2018.

[5] Report and Recommendation at 11.

[6] Country Defendants' Motion to Strike Addendum to the Complaint (D.E. 15), docket no. 19, filed July 9, 2018.

[7] Report and Recommendation at 11.

[8] Motion for Contempt, docket no. 21, filed July 16, 2018.

[9] Report and Recommendation at 11.

[10] Plaintiff's Motion for Default against County Defendants' docket no. 31, filed October 4, 2018.

[11] Report and Recommendation at 11.

[12] *Id.*

[13] Plaintiff's Motion for Summary Judgment as to Ryan Zinke, Jimmie Tyree, Brian Tritle, docket no. 22, filed July 16, 2018; Plaintiff's Motion for Summary Judgment as to Brian Tritle, Jimmie Tyree, James Crisp, and Ryan Zinke, docket no. 24, filed July 30, 2018. The Report and Recommendation mistakenly characterized docket no. 22 as a motion by the Federal Government Defendants and recommended granting docket no. 22. This appears to have confused docket no. 22—Plaintiff's Motion for Summary Judgment—with the Federal Government Defendants' opposition to Plaintiff's motion for summary judgment. *See infra* n. 15. The Federal Government Defendants correctly point out jurisdictional defects in their Opposition, but their Opposition is not a motion. The Magistrate Judge's recommendation as to docket no. 22 must therefore be modified to account for the error and for the lack of jurisdiction to consider docket no. 22's merits.

On July 16, 2018, Plaintiff filed a motion seeking default and summary judgment against Defendants Bureau of Land Management, Brian Trittle, Jimmie Tyree, and Ryan Zinke.[14] On July 30, 2018 Plaintiff filed a similar motion, adding Defendant James Crisp.[15] In both motions, Plaintiff argued that the Federal Government Defendants had not responded within the timeframe specified under the Federal Rules of Civil Procedure.[16]

On July 30, 2018, counsel for the Federal Government Defendants made a special appearance and filed a motion in opposition.[17] The Federal Government Defendants argued that the United States had not been properly served under Fed. R. Civ. P. 4(i).[18] Furthermore the Federal Government Defendants argued that even with proper service, this court would not have subject matter jurisdiction over Plaintiff's complaint for takings because under 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1), the Federal Court of Claims has exclusive jurisdiction over takings claims in excess of $10,000.00.[19] Because Plaintiff's Complaint[20] asserts that the United States has taken Plaintiff's property and seeks $50,000,000.00 in compensation, the Federal Government Defendants argued that this claim can only be heard in the Federal Court of

---

[14] Plaintiff's Motion for Summary Judgment as to Ryan Zinke, Jimmie Tyree, Brian Tritle, docket no. 22, filed July 16, 2018.

[15] Plaintiff's Motion for Summary Judgment as to Brian Tritle, Jimmie Tyree, James Crisp, and Ryan Zinke, docket no. 24, filed July 30, 2018.

[16] Plaintiff's Motion for Summary Judgment as to Ryan Zinke, Jimmie Tyree, Brian Tritle at 1, docket no. 22, filed July 16, 2018; Plaintiff's Motion for Summary Judgment as to Brian Tritle, Jimmie Tyree, James Crisp, and Ryan Zinke at 1, docket no. 24, filed July 30, 2018.

[17] Special Appearance Opposition for Motion for Summary Judgment ("Federal Government's Opposition"), docket no. 25, filed July 20, 2018.

[18] *Id.* at 3.

[19] *Id.*

[20] Complaint, docket no. 1, filed March 10, 2018.

Claims.[21] The Federal Government Defendants therefore requested dismissal of the claims against them.[22].

Plaintiff responded to this motion by filing a letter in which Plaintiff made the conclusory assertion—unsupported by citation to statute or precedent—that the Federal Government Defendants' argument regarding subject matter jurisdiction was "not true, and not the law."[23]

As 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1) are clear that the Federal Court of Claims has exclusive jurisdiction over takings claims in excess of $10,000.00, this court does not have subject matter jurisdiction over the claims in Plaintiff's complaint against the United States and the Federal Government Defendants. These claims must be dismissed without prejudice[24] and Plaintiff's motions[25] are moot.

Returning to the Report and Recommendation, the parties were notified[26] of their right to file objections to the Report and Recommendation within 14 days of its service pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Because a copy of the Report and Recommendation was mailed to Plaintiff, the parties were provided an additional three days to file and objection under Fed. R. Civ. P. 6(d).

During the objection period, Plaintiff filed a letter[27] that was unresponsive to the analysis and recommendations detailed in the Report and Recommendation. Instead the letter requested

---

[21] Federal Government's Opposition at 3.

[22] *Id.* at 4.

[23] Objection, docket no. 28, filed August 18, 2018.

[24] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006)

[25] Plaintiff's Motion for Summary Judgment as to Ryan Zinke, Jimmie Tyree, Brian Tritle, docket no. 22, filed July 16, 2018; Plaintiff's Motion for Summary Judgment as to Brian Tritle, Jimmie Tyree, James Crisp, and Ryan Zinke, docket no. 24, filed July 30, 2018.

[26] Report and Recommendation at 11.

[27] Notice of Filing, docket no. 35, filed January 10, 2019.

that the case proceed and Plaintiff asked again that default judgement against the Defendants be entered.[28]

On January 30, 2019, Plaintiff did file another letter [29] entitled "In response and challenge to Magistrate Judge Dustin B. Pead[]," but even if this letter was construed to be an objection, Plaintiff's filing was untimely. With the additional three days provided to the parties under Fed. R. Civ. P. 6(d), any objection was to have been filed with the court no later than January 25, 2019.

Because Plaintiff's filings were either unresponsive to the Report and Recommendation or untimely filed to be properly construed as an objection, and because the analysis and conclusion are sound, the Report and Recommendation[30] is adopted in part as to the motions specified[31] at the beginning of this Memorandum Decision and modified in part as to the remaining decisions.[32]

**ORDER**

IT IS HEREBY ORDERED that:

1. The Report and Recommendation[33] is ADOPTED IN PART as to The County Defendants' Motion to Dismiss,[34] the County Defendants' Motion to Strike Objection

---

[28] *Id.*

[29] Notice of Filing, docket no. 36, field January 30, 2019.

[30] *Id*.

[31] County Defendants' Motion to Dismiss, docket no. 12, filed May 17, 2018; County Defendants' Motion to Strike Plaintiff's "Second Objection" or for Leave to Respond, docket no. 17, filed July 3, 2018; Country Defendants' Motion to Strike Addendum to the Complaint (D.E. 15), docket no. 19, filed July 9, 2018; Motion for Contempt, docket no. 21, filed July 16, 2018; and Plaintiff's Motion for Default against County Defendants' docket no. 31, filed October 4, 2018.

[32] Plaintiff's Motion for Summary Judgment as to Ryan Zinke, Jimmie Tyree, Brian Tritle, docket no. 22, filed July 16, 2018; Plaintiff's Motion for Summary Judgment as to Brian Tritle, Jimmie Tyree, James Crisp, and Ryan Zinke, docket no. 24, filed July 30, 2018.

[33] Report and Recommendation, docket no. 34, filed January 8, 2019.

[34] County Defendants' Motion to Dismiss, docket no. 12, filed May 17, 2018.

or Motion for Leave,[35] the Country Defendants' Motion to Strike Addendum to the Complaint,[36] Plaintiff's Motion for Contempt,[37] and Plaintiff's Motion for Entry of Default as to County Defendants;[38]

2. This case is therefore DISMISSED against the County Defendants with prejudice;

3. The Report and Recommendation[39] is MODIFIED IN PART as to Plaintiff's Motion for Summary Judgment as to Ryan Zinke, Jimmie Tyree, Brian Tritle [40]and Plaintiff's Motion for Summary Judgment as to Brian Tritle, Jimmie Tyree, James Crisp, and Ryan Zinke[41]

4. The Plaintiff's claims against the United States and the Federal Government Defendants are DISMISSED without prejudice for lack of subject matter jurisdiction;

5. Plaintiffs' Motions[42] against Defendants Bureau of Land Management, James Crisp, Brian Tritle, Jimmie Tyree, and Ryan Zinke are therefore MOOT.

---

[35] County Defendants' Motion to Strike Plaintiff's "Second Objection" or for Leave to Respond, docket no. 17, filed July 3, 2018.

[36] Country Defendants' Motion to Strike Addendum to the Complaint (D.E. 15), docket no. 19, filed July 9, 2018.

[37] Motion for Contempt, docket no. 21, filed July 16, 2018.

[38] Plaintiff's Motion for Default against County Defendants' docket no. 31, filed October 4, 2018.

[39] Report and Recommendation, docket no. 34, filed January 8, 2019.

[40] Plaintiff's Motion for Summary Judgment as to Ryan Zinke, Jimmie Tyree, Brian Tritle, docket no. 22, filed July 16, 2018.

41

[42] Plaintiff's Motion for Summary Judgment as to Ryan Zinke, Jimmie Tyree, Brian Tritle, docket no. 22, filed July 16, 2018; Plaintiff's Motion for Summary Judgment as to Brian Tritle, Jimmie Tyree, James Crisp, and Ryan Zinke, docket no. 24, filed July 30, 2018.

The Clerk is directed to close the case.

Signed March 7, 2019.

BY THE COURT

David Nuffer
United States District Judge