IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL PAUL EAGAR,<br><br>                    Plaintiff,<br><br>v.<br><br>ALAN GARDNER, Washington County Commission; JAMES EARDLEY, Washington County Commission; DENNIS DRAKE Washington County Commission; JAMES CRISP, Bureau of Land Management; BRIAN TRITTLE, Bureau of Land Management; JIMMEE TYREE, Bureau of Land Management; UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S [42] MOTION FOR RECONSIDERATION**<br><br>Case No. 4:18-cv-00012-DN<br><br>District Judge David Nuffer |

The previous Memorandum Decision and Order in this case (the "Previous Order") dismissed Plaintiff's Complaint.[1] Plaintiff's claims against Defendants Bureau of Land Management, James Crisp, Brian Tritle, Jimmie Tyree, and Ryan Zinke (the "Federal Government Defendants") were dismissed because statute establishes that the Federal Court of Claims has exclusive jurisdiction over the sort of claims Plaintiff brought against the federal government.[2] Therefore, this court lacked subject matter jurisdiction.[3] The clerk closed the case and entered judgment.[4]

---

[1] Memorandum Decision and Order Dismissing Claims Against James Crisp, Brian Trittle, Jimmee Tyree, and the United States Department of Interior for Lack of Subject Matter Jurisdiction; and Adopting in Part and Modifying in Part [34] Report and Recommendation, docket no. 40, filed March 7, 2019.

[2] *Id.* at 4.

[3] *Id.* at 4–5.

[4] Judgment in a Civil Case, docket no. 41, filed March 7, 2019.

In keeping with his practice of filing letters instead of motions, Plaintiff filed a letter in response to the Previous Order.[5] In it, Plaintiff appears to argue that the Previous Order and its accompanying judgment are void.[6] In construing Plaintiff's letter as liberally as possible, Plaintiff's letter will be taken as a motion (the "Motion") for relief from judgement under Fed R. Civ. P. 60(b).

That rule provides that a court "may relieve a party . . . from final judgment" if it is determined that "the judgment is void."[7] Plaintiff argues here that because the Previous Order determined that subject matter jurisdiction was lacking as to the claims against the Federal Government Defendants, the judgment entered in this case is also void.[8] Dismayed at the time and expense that he has incurred in this case to date, Plaintiff argues that he is entitled to relief in the form of "a full refund of fees paid to this court, and damages for a year's worth of fraud and deception perpetrated against the Plaintiff."[9]

The Tenth Circuit has established that "[a] judgment is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it."[10] "Federal courts are courts of limited jurisdiction and require a statutory basis for jurisdiction."[11] Because of this **federal courts have "jurisdiction to determine [their] jurisdiction."**[12] This means that a federal court always has the narrow jurisdiction to "to interpret the language of the jurisdictional instrument and its

---

[5] Letter, considered Motion for Reconsideration re: [40] Order, docket no. 42, March 25, 2019.

[6] *Id.* at 1.

[7] Fed R. Civ. P. 60(b)(4).

[8] Motion at 1.

[9] *Id.* at 2.

[10] *Gschwind v. Cessna Aircraft Co.,* 232 F.3d 1342, 1346 (10th Cir. 2000).

[11] *Morris v. City of Hobart,* 39 F.3d 1105, 1110 (10th Cir. 1994).

[12] *Gschwind*, 232 F.3d 1346.

application to an issue by the court."[13] Furthermore, when pro se plaintiff chooses to file a complaint in federal court, the pro se plaintiff has the burden of establishing subject matter jurisdiction.[14] "If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence."[15]

Here, Plaintiff chose to pay the required fees and file his Complaint in federal court. The Federal Government Defendants challenged this court's subject matter jurisdiction over the Complaint, arguing that only the Federal Court of Claims—under statute—had authority to hear Plaintiffs' claims against the government.[16] Plaintiff offered no argument in response to this challenge[17] and failed to carry his burden to prove that this court could hear his claims.

Given this court's "jurisdiction to determine jurisdiction," the Previous Order examined the language of the applicable statutes, 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1), and determined that the plain language of these statutes was clear: only the Federal Court of Claims has exclusive jurisdiction over Plaintiff's takings claims against the Federal Government Defendants in excess of $10,000.00.[18] The Previous Order was not void because this court had the power to determine that it is not the appropriate court to hear Plaintiff's claims against the Federal Government Defendants.

Plaintiff chose to file his case in federal district court and pay the associated filing fees. By doing so, even after paying the filing fees, the burden was on Plaintiff to establish that this

---

[13] *Id.*

[14] *McDonald v. Nationwide Title Clearing, Inc.,* 661 Fed.Appx. 518, 520 (10th Cir. 2016).

[15] *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).

[16] Special Appearance Opposition for Motion for Summary Judgment ("Federal Government's Opposition"), docket no. 25, filed July 20, 2018.

[17] Objection, docket no. 28, filed August 18, 2018.

[18] Previous Order at 4.

court could appropriately hear his case. Not only did he fail to carry that burden, this court appropriately used its power of limited jurisdiction to determine that the Federal Court of Claims is the only court that can hear Plaintiff's particular claims against the Federal Government Defendants.

The Previous Order and its accompanying Judgment are not void. Plaintiff has not been made the victim of fraud or deception. The established principles of the jurisdiction of the federal courts have been fairly and consistently applied here.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion[19] is DENIED.

Signed May 30, 2019.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[19] Letter, considered Motion for Reconsideration re: [40] Order, docket no. 42, March 25, 2019.